IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Ronald Brunson, Plaintiff,

v.

United States; Federal Bureau of Investigation; Attorney General of the United States; United States Attorney for the District of South Carolina, Defendants.

C/A No. 3:14-2540-JFA-PJG

**REPORT AND RECOMMENDATION**

The plaintiff, Ronald Brunson ("Plaintiff"), a self-represented litigant, brings this action alleging a personal injury. (ECF No. 1 at 4.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2.) Having reviewed the Complaint in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process.

## I. Procedural Background

The Complaint alleges that Plaintiff was injured by an "internal intelligent monitor machine" which was "captured" by the Federal Bureau of Investigation ("FBI"). (ECF No. 1 at 3-4.) Plaintiff claims that he is fully disabled due to the "internal machines of the United States," and that he is "still being fatally internally" injured. (ECF No. 1-1 at 11.) The Complaint references a prior court action where Plaintiff was allegedly awarded restitution, which he has not received. (ECF No. 1 at 3; see also ECF No. 1-1 at 3-4.) Plaintiff's memorandum in support of the Complaint also references the filing of a Federal Tort Claims Act ("FTCA") action in 2009, to which he allegedly



PJG

received no response. (ECF No. 1-1 at 7-8; see also ECF No. 1-3.) The Complaint requests monetary damages for his injury. (ECF No. 1 at 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),



PJG

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when a Plaintiff pays the filing fee, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B. Analysis**

**(i) Federal Bureau of Investigation**

Plaintiff has filed seventeen prior cases in this court, many of them seeking damages against the FBI for an injury cased by an "internal intelligent machine" and for the FBI's alleged failure to respond to an FTCA administrative claim form.[1] Plaintiff's most recent case against the FBI alleging such claims was dismissed by the court with prejudice. See Brunson v. Central Intelligent Agency, C/A No. 3:12-813-JFA, 2012 WL 2879007 (D.S.C. July 13, 2012). Thus, Plaintiff's claims against the FBI in this case are barred by the doctrine of *res judicata*.[2] "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or their

---

[1] This court hereby takes judicial notice of the content of its own files. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

[2] While *res judicata* is ordinarily an affirmative defense, a court may *sua sponte* apply the doctrine of *res judicata* where "it has previously decided the issue presented" to avoid unnecessary judicial waste. Georgia Pac. Consumer Products, LP v. Von Drehle Corp., 710 F.3d 527, 535 (4th Cir. 2013) (quoting Arizona v. California, 530 U.S. 392, 410-12 (2000)).





privies in the two suits." Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004). Further, *res judicata* not only bars previously litigated claims, but also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979).

In the instant action, the three elements of *res judicata* are present. First, the court entered a final judgment on the merits of Plaintiff's prior civil action against the FBI. See In re Tomlin, 105 F.3d 933, 936-37 (4th Cir. 1997) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to further action between the parties.") (citation omitted). Second, the allegations contained in the instant Complaint are nearly identical to, and stem from, the same set of facts that gave rise to Plaintiff's claim for relief in the previous civil action against the FBI. Third, the FBI was a named party in Plaintiff's prior civil action. Thus, Plaintiff's claims against the FBI are barred by the doctrine of *res judicata* and this defendant is entitled to summary dismissal from the action.

**(ii) United States; Attorney General of the United States; United States Attorney for the District of South Carolina**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining



PJG

jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. The factual allegations contained in the instant Complaint do not fall within the scope of this court's limited jurisdiction. First, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. However, the instant Complaint provides no allegations that any defendant acted outside the scope of their federal employment and "federal agencies and officials/administrators cannot be considered 'residents' or 'citizens' of other states for purposes of establishing diversity jurisdiction." See Goist v. United States, C/A No. 0:07-2928-HMH-BM, 2007 WL 3003178, at *3 (D.S.C. Oct. 10, 2007 ("This rule has been established by the courts in order to avoid violation of the doctrine of sovereign immunity.") (citing Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700, 704-05 (7th Cir. 1991)). Thus, the court lacks diversity jurisdiction in this case. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, Plaintiff's Complaint fails to allege a basis for federal question jurisdiction. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." Burgess v. Charlottesville Sav. and Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.' " Id. (citing Cuyahoga Co. v. Northern Ohio Co., 252 U.S. 388, 397 (1920)). To this end, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing





that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). While "detailed factual allegations" are not required, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

Further, even where factual allegations are raised, a federal court lacks subject matter jurisdiction over an "obviously frivolous complaint." Chong Su Yi v. Soc. Sec. Admin., No. 13-2195, 2014 WL 629513, at *1 (4th Cir. Feb. 19, 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid *pro se* case); see also Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that a federal court lacks subject matter jurisdiction over a complaint raising claims " 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy' ") (citation omitted). Complaints "based on allegations that seem delusional, irrational, and wholly beyond belief" are considered factually frivolous. Brunson v. United States Dep't of Justice of Fed. Bureau of Investigation, C/A No. 3:11-2569-JFA-PJG, 2011 WL 6122585, at *2 (D.S.C. Oct. 24, 2011), adopted by 2011 WL 6122747 (D.S.C. Dec. 9, 2011); see also Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997) (dismissing appeal as frivolous and finding plaintiff's allegation that he was being poisoned or experimented upon fanciful or delusional).

The instant Complaint fails to cite to any federal statute or constitutional provision and provides only conclusory statements alleging a personal injury. (ECF No. 1 at 1-5.) Further, the Complaint presents irrational, factually frivolous allegations which are insufficient to establish subject matter jurisdiction in this case. To the extent Plaintiff references a 2009 FTCA administrative claim in his supporting documents (ECF No. 1-1 at 1-13; ECF No. 1-3), "[t]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." Malone v. Gardner, 62 F.2d 15, 18



PJG

(4th Cir. 1932). Therefore, Plaintiff's Complaint should be summarily dismissed. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court.").

**III. Imposition of a Pre-filing Injunction**

As indicated above, Plaintiff has a history of filing frivolous and repetitive claims which have been summarily dismissed by this court. Federal courts have the authority to issue pre-filing injunctions against such litigants. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). However, courts "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-18 (internal quotation marks and citation omitted). Further, a district court may not impose an order of pre-filing review *sua sponte*. See Pardo v Fed. Corr. Institution-Petersburg, No. 94-6035, 1994 WL 95888, at *2 (4th Cir. Mar. 23, 1994) (litigant must be notified and given an opportunity to object to imposition of order of pre-filing review). In deciding whether to issue a pre-filing injunction, a court must consider the following factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer, 390 F.3d at 818 (citation omitted).

In at least two prior cases, Plaintiff has been cautioned that "if he continues to file complaints with this court claiming that these defendants or others have injured him as described in this Complaint, this court will impose sanctions . . . [which] will require Mr. Brunson to pay the full filing fee prior to filing any cases with this court." See Brunson v. Central Intelligent Agency, C/A No. 3:12-813-JFA, 2012 WL 2879007, at *1 (D.S.C. July 13, 2012); see also Brunson v. O'Neill,





C/A No. 3:12-812-JFA, 2012 WL 2878847, at *1 (D.S.C. July 13, 2012). The court observes that it has been more than two years since Plaintiff filed a case in this court.[3] Further, it does not appear that Plaintiff files cases in this court with a malicious intent. However, his repetitive filing of duplicative lawsuits is a burden on the court's resources and former warnings of alternative sanctions have not prevented Plaintiff from filing yet another duplicative case. Therefore, the court finds that issuance of a pre-filing injunction is appropriate at this time.

## IV. **Conclusion**

Accordingly, the court recommends that the Complaint be dismissed as frivolous with prejudice and without issuance and service of process. The court further recommends that a pre-filing injunction be issued which: (1) authorizes the assignment of a civil action number (for docket control purposes) for any future filings; (2) authorizes the assigned Magistrate Judge to direct Plaintiff to pay the statutory filing fee for any complaint alleging that the defendants listed in this case or others have injured Plaintiff in the manner described herein; and (3) authorizes summary dismissal without prejudice and without issuance and service of process for any such complaint if the full statutory filing fee is not paid.

July 22, 2014
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[3] Although the instant case falls within the warning issued to Plaintiff in two previous orders, sanctions have not been imposed against Plaintiff in this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).