UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson,                ) | C/A No. 3:14-2540-JFA-PJG |
|                                ) | |
|              Plaintiff,        ) | |
| v.                             ) | ORDER |
|                                ) | |
| United States; Federal Bureau of Investigation; ) | |
| Attorney General of the United States; and    ) | |
| United States Attorney for the District of South ) | |
| Carolina;                      ) | |
|                                ) | |
|              Defendants.       ) | |
| _____ ) | |

The *pro se* plaintiff, Ronald Brunson, brings this personal injury action alleging that he was injured by an "internal intelligent monitor machine" which was "captured" by the Federal Bureau of Investigation.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the plaintiff's complaint is frivolous and is barred under the doctrine of *res judicata*. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 22, 2014. However, the plaintiff

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

failed to file objections. Instead, the plaintiff filed a letter asking the court to "please allow me to remove my lawsuits" and return all his file papers and documents so that he can close his case and refile in another court. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge notes in her Report, the plaintiff's complaint fails to cite any federal statute or constitutional provision and provides only conclusory statements alleging a personal injury. Moreover, the complaint presents irrational and factually frivolous allegations which are insufficient to establish subject matter jurisdiction in this case. The plaintiff has a history of filing at least 17 frivolous and repetitive claims which have been summarily dismissed. As such, the Magistrate Judge recommends that a pre-filing injunction be issued. This court agrees.

Accordingly, the Clerk is authorized to assign a civil action number for docket control purposes for any future filings of the plaintiff; the Magistrate Judge is authorized to direct plaintiff to pay the statutory filing fee for any complaint alleging that the defendants in this case or other cases have injured plaintiff in the manner described herein; and the court is authorized to summarily dismiss an action without prejudice and without issuance and service of process for any such complaint if the full statutory filing fee is not paid.

The plaintiff's request to return all his filed papers (ECF No. 16) is denied. If he wishes to obtain copies of all the documents he has filed in his cases in this court, he may write the Clerk of Court, who will advise him of the cost of such copies.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

September 3, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge